IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ALIER PINEDA-SANCHEZ,<br>Movant, | ::<br>::<br>:: | MOTION TO VACATE<br>28 U.S.C. § 2255 |
| v. | ::<br>:: | CRIMINAL ACTION NO.<br>1:13-CR-385-WSD-LTW-1 |
| UNITED STATES OF AMERICA,<br>Respondent. | ::<br>::<br>:: | CIVIL ACTION NO.<br>1:16-CV-3332-WSD-LTW |

### FINAL REPORT AND RECOMMENDATION

Movant is a federal prisoner who pled guilty, pursuant to a negotiated plea agreement, to conspiring to traffic cocaine, heroin, and methamphetamine. (Docs. 1, 90-1.)[1] The Court sentenced Movant to 240 months' imprisonment and five years' supervised release. (Docs. 138, 143.)

Movant filed an appeal, which the court of appeals dismissed because Movant's plea agreement contains a limited waiver of appeal. (Doc. 164.) Movant then filed, pro se, a motion under 28 U.S.C. § 2255 challenging his sentence. (Doc. 181.) Movant contends in that motion that the Court improperly imposed a predetermined sentence, that he was not given fair notice of the actual amount of methamphetamine

---

[1] All citations to the record are to 1:13-cr-385-WSD-LTW.

for which he would be held responsible, and that his lawyer rendered ineffective assistance for not raising those issues. (*Id.* at 4-10.)

Under Rule 4 of the Rules Governing § 2255 Proceedings for the U.S. District Courts, the Court must "promptly examine" the § 2255 motion and determine whether "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." If it does so appear, the Court "must dismiss the motion."[2] Rule 4, § 2255 Proceedings. It is plainly apparent from Movant's § 2255 motion and the record that Movant is not entitled to relief, as explained below.

> In the plea agreement, Movant, to the maximum extent permitted by federal law,
>
> voluntarily and expressly waive[d] the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground . . . .

(Doc. 90-1 at 8.) The appeal waiver allowed Movant to file a direct appeal of an upward departure or variance from the applicable sentencing range under the U.S. Sentencing Guidelines (the "Guidelines") and of the Court's finding as to the

---

[2] District courts may sua sponte dismiss § 2255 motions after affording the parties fair notice. *See Day v. McDonough*, 547 U.S. 198, 209-10 (2006). This Report and Recommendation provides such notice.

application of certain Guidelines. (*Id.*) Just above his signature on the plea agreement, Movant acknowledged that "the appeal waiver contained in the Plea Agreement will prevent me, with the narrow exceptions stated, from appealing my conviction and sentence or challenging my conviction and sentence in any post-conviction proceeding." (*Id.* at 11.)

The appeal waiver in Movant's plea agreement bars his § 2255 motion. An appeal waiver, including a waiver of the right to collaterally challenge a sentence via § 2255, must be enforced if it is made knowingly and voluntarily. *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005); *United States v. Bushert*, 997 F.2d 1343, 1350-51 (11th Cir. 1993). The waiver is knowing and voluntary if either: "(1) the district court specifically questioned the defendant concerning the sentence appeal waiver . . . or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." *Williams*, 396 F.3d at 1341 (quotation marks omitted). Both of those situations are present here.

As the court of appeals found, "[a] review of the plea-hearing transcript shows that [Movant] was specifically questioned about the appeal waiver by the [undersigned] during the Rule 11 colloquy." (Doc. 164 at 5; *see* Doc. 103 at 16, 19.) The undersigned "explained, and [Movant] stated that he understood, the full terms

of the waiver and the limited circumstances in which [Movant] retained the right to appeal." (Doc. 164 at 5-6.) Movant also acknowledged when he signed the plea agreement that he understood the waiver and that it prevented him from challenging his sentence, including via § 2255. (Doc. 90-1.) Like the court of appeals, the Court concludes from the record that the appeal waiver is enforceable. (*See* Doc. 164 at 6 ("Consequently, we conclude that the appeal waiver is enforceable.").) The appeal waiver bars Movant's challenge to his sentence under § 2255. *See Demello v. United States*, 623 F. App'x 969, 972 (11th Cir. 2015) ("When a valid sentence-appeal waiver is entered into knowingly and voluntarily and contains express language waiving the right to collateral review, it is enforceable and precludes the defendant from collateral attacking a sentence . . . .").

Even if the appeal waiver did not bar Movant's claim that he did not receive fair notice of the quantity of methamphetamine for which he would be held responsible – twenty-two kilograms – because the indictment did not specify a quantity, that claim fails on its merits. At the plea hearing, the prosecutor described the facts establishing Movant's guilt, including that "approximately 22 kilograms of 92 percent pure methamphetamine" was seized from the conspirators. (Doc. 103 at 10.) Movant admitted to those facts. (*Id.* at 11-13, 27-30.) The Court then told Movant that

4

"[s]ince this is a drug case, a sentence is generally affected greatly by the quantity of the drugs for which the Court holds you accountable" and that it was "indicated earlier that there was 22 kilograms of pure meth that had been seized" along with the cocaine and heroin. (*Id.* at 22-23.) The prosecutor again confirmed the quantity of drugs and stated that "[t]he government contends [Movant] is accountable for all of it." (*Id.* at 23.) Movant stated that he understood and had no questions. (*Id.* at 22, 28-29.) Movant's fair notice claim, and the associated claim that his lawyer was ineffective for not raising a fair notice claim, provides no basis for relief.

For the foregoing reasons, the undersigned **RECOMMENDS** that Movant's § 2255 motion [181] be **DENIED** under Rule 4 of the § 2255 Rules and that civil action number 1:16-cv-3332-WSD-LTW be **DISMISSED**. The undersigned further **RECOMMENDS** that a certificate of appealability be **DENIED** because Movant has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

**SO RECOMMENDED** this 19 day of September, 2016.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)