IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ALIER PINEDA-SANCHEZ,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

1:16-cv-3332-WSD
1:13-cr-385-WSD-LTW-1

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Linda T. Walker's Final Report and Recommendation [187] ("R&R"), recommending that Movant Alier Pineda-Sanchez's ("Movant") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [181] ("§ 2255 Motion") be denied, that civil action number 1:16-cv-3332-WSD be dismissed, and that a certificate of appealability be denied. Also before the Court are Movant's Objections [191] to the R&R.[1]

---

[1] Citations to the record, in this Order, refer to criminal action number 1:13-cr-385-WSD-LTW-1.

## I. BACKGROUND

On September 18, 2013, a grand jury in the Northern District of Georgia returned an Indictment [1] charging Movant with one count of conspiring to possess with intent to distribute cocaine, heroin, and methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A)(viii) and (ii), 841(b)(1)(C), and 846. ([1]). On May 16, 2014, Movant entered into a written plea agreement and pled guilty to the charge alleged in the Indictment. ([90]; [103]). Movant's Plea Agreement [90.1] includes the following "Limited Waiver of Appeal" provision:

> LIMITED WAIVER OF APPEAL: To the maximum extent permitted by federal law, the Defendant voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that the Defendant may file a direct appeal of:
>
>    a. an upward departure or variance above the sentencing guideline range as calculated by the district court; and/or
>
>    b. the sentencing court's finding as to the application of Section 2D1.1 (b )(12) and 2D1.1 (b )(13) of the Sentencing Guidelines.
>
> The Defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government initiates a direct appeal of the sentence imposed, the Defendant may file a cross-appeal of that same sentence.

([90.1] at 8). Movant signed the Plea Agreement, and separately signed the following addendum:

> I have read the Indictment against me and have discussed it with my attorney. I understand the charges and the elements of each charge that the Government would have to prove to convict me at a trial. I have read the foregoing Plea Agreement and have carefully reviewed every part of it with my attorney. I understand the terms and conditions contained in the Plea Agreement, and I voluntarily agree to them. I also have discussed with my attorney the rights I may have to appeal or challenge my conviction and sentence, and I understand that the appeal waiver contained in the Plea Agreement will prevent me, with the narrow exceptions stated, from appealing my conviction and sentence or challenging my conviction and sentence in any post-conviction proceeding. No one has threatened or forced me to plead guilty, and no promises or inducements have been made to me other than those discussed in the Plea Agreement. The discussions between my attorney and the Government toward reaching a negotiated plea in this case took place with my permission. I am fully satisfied with the representation provided to me by my attorney in this case.

([90.1] at 11). Movant's attorney also certified, at the bottom of the Plea Agreement, that, "[t]o [his] knowledge, [his] client [was] making an informed and voluntary decision to plead guilty and to enter into the Plea Agreement." ([90.1] at 11). The Court accepted Movant's guilty plea as knowing and voluntary, and sentenced him to 240 months in prison. ([138]; [143]).

On December 1, 2014, Movant filed his Notice of Appeal [145], challenging his sentence on the grounds that "it is greater than necessary to serve the sentencing goals of 18 U.S.C. § 3553(a)." ([164] at 5). On May 29, 2015, the

Court of Appeals for the Eleventh Circuit dismissed Movant's appeal, finding it was barred by the appeal waiver in Movant's Plea Agreement because the "waiver is enforceable" and "no exception to the waiver applies." ([164] at 6).

On September 2, 2016, Movant, proceeding *pro se*, filed his § 2255 Motion challenging his sentence on the grounds that (1) the Court "arbitrarily imposed a predetermined sentence," (2) the Government "fail[ed] to give [him] fair notice of the punishment he was facing," and (3) Movant's attorney was constitutionally ineffective for failing to raise or seek relief on grounds (1) and (2). ([181] at 4-6). On September 20, 2016, the Magistrate Judge issued her R&R, recommending that Movant's § 2255 Motion be denied on the grounds that it is barred by the appeal waiver in Movant's Plea Agreement. The Magistrate Judge further recommended that a certificate of appealability be denied. On September 29, 2016, Movant filed his Objections to the R&R.

## II. DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S.

1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984). In view of Movant's Objections, the Court conducts a *de novo* review of the record.

B. Analysis

1. Movant's § 2255 Motion

"It is well-settled that sentence-appeal waivers are valid if made knowingly and voluntarily." Williams v. United States, 396 F.3d 1340, 1341 (11th Cir. 2005). "The waiver is valid if the government shows either that: (1) the district court specifically questioned the defendant about the waiver; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver." United States v. Johnson, 541 F.3d 1064, 1066 (11th Cir. 2008); see Medina v. United States, 597 F. App'x 583, 586 (11th Cir. 2015) (same). "[A] valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of

counsel during sentencing." Williams, 396 F.3d at 1342 & n.2; cf. United States v. White, 307 F.3d 336, 343 (5th Cir. 2002) ("An ineffective assistance of counsel argument survives a waiver of appeal only when the claimed assistance directly affected the validity of that waiver or the plea itself.").

The Court and the Government specifically addressed the appeal waiver at Movant's plea hearing, and the record is clear that Movant understood the waiver's significance:

> [The Government:] The plea agreement contains a limited waiver of appeal where to the maximum extent permitted by federal law, the defendant voluntarily and expressly is waiving his right to appeal his conviction and sentence, and the right to collaterally attack his conviction and sentence on any ground except that the defendant may file a direct appeal of an upward departure or variance above the sentencing guideline range as calculated by the district court, or the sentencing court's finding as to the application of sentencing guideline section 2(d)1.1b12 and b13. . . .
>
> [The Court:] Mr. Sanchez, do you agree that this written plea agreement which you have in front of you, and the Assistant United States Attorney's summary of it are consistent with your understanding of the plea agreement?
>
> [Movant:] Completely.
>
> [The Court:] There are a couple of provisions I would like to go over with you to make sure it is crystal clear to you what you are agreeing to in the plea agreement. . . . By entering into this plea agreement it also provides another provision that indicates you understand that you are waiving certain of your appeal rights. To the maximum extent permitted by federal law, you are voluntarily and expressly waiving

6

> the right to appeal in any post-conviction proceeding your conviction and the sentence.
>
> [Movant:] Yes.
>
> [The Court:] Okay. Including, but not limited to, motions that are filed pursuant to 28 section 2255 on any ground. So, for example, if you get more time than what you thought you were going to get, you don't have a right to appeal it once you enter into this guilty plea and plea agreement. . . . You understand that?
>
> [Movant:] Yes.

([103] at 16-17, 19).

Movant also signed an addendum to his plea agreement, certifying that he understood the appeal waiver and had discussed it with his attorney. (See [90.1] at 11 ("I also have discussed with my attorney the rights I may have to appeal or challenge my conviction and sentence, and I understand that the appeal waiver contained in the Plea Agreement will prevent me, with the narrow exceptions stated, from appealing my conviction and sentence or challenging my conviction and sentence in any post-conviction proceeding."). The Court found, after questioning Movant at the plea hearing, that Movant's "guilty plea and plea agreement [were] knowingly and voluntarily entered into without any undue – without any coercion or promises." ([103] at 30; see also [105]).

The Court of Appeals for the Eleventh Circuit previously found that Movant's "appeal waiver is enforceable" and "no exception to the waiver applies."

7

([164] at 6). The Court, having conducted a *de novo* review, agrees with the Magistrate Judge that Movant's appeal waiver is valid and bars his § 2255 Motion. See Demello v. United States, 623 F. App'x 969, 972 (11th Cir. 2015) ("When a valid sentence-appeal waiver is entered into knowingly and voluntarily and contains express language waiving the right to collateral review, it is enforceable and precludes the defendant from collateral attacking a sentence."). Movant's § 2255 Motion is denied.[2]

## 2. Certificate of Appealability

Rule 11 of the Rules Governing § 2255 Cases provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A federal prisoner may not appeal the denial of his § 2255 motion "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter,

---

[2] The Court also agrees with the Magistrate Judge's finding that, even if the appeal waiver did not bar Movant's § 2255 Motion, his claims require dismissal because they fail on the merits. (R&R at 4-5).

agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citations and quotation marks omitted); see Jones v. United States, 224 F.3d 1251, 1254 (11th Cir. 2000) (applying the Slack standard in a § 2255 case). It is not reasonably debatable that Movant's § 2255 Motion is required to be denied. A certificate of appealability is denied.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Linda T. Walker's Final Report and Recommendation [187] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Movant's Objections [191] are **OVERRULED**.

**IT IS FURTHER ORDERED** that Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [181] is **DENIED**.

**IT IS FURTHER ORDERED** that civil action number 1:16-cv-3332-WSD is **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**SO ORDERED** this 12th day of October, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE